Rose Mellion
vs.                } No. 80875.
Nathan Horowitz, alias

October 20, 1930.

O'CONNELL, J. This is an action of trespass on the case for negligence, in which the plaintiff sued for personal injuries and damages sustained by her as the result of being struck by an automobile owned by the defendant and operated, as she alleged, by his agent and servant.

The accident happened on September 12, 1928, near the junction of North Main street and Lippitt street in the city of Providence. The case was tried before a jury on June 25 and 26, 1930, and resulted in a verdict for the plaintiff in the sum of seven thousand five hundred ($7500) dollars.

In addition to the usual questions of due care on the part of the plaintiff and negligence on the part of the defendant, there arose also the question of agency, as to whether at the time the plaintiff received the injuries complained of, the operator was acting as the agent or servant of the defendant, and within the scope of his employment. The Court instructed the jury at length upon the law applicable to the facts in issue, and the jury evidently, by its verdict, found the operator of the defendant's automobile to be acting as the defendant's agent or servant, at the time the plaintiff was struck and injured.

The Court believes there was credible evidence, together with facts and circumstances appearing in the case, to fully warrant and justify the jury in reaching its verdict in favor of the plaintiff and in the amount awarded as damages.

The defendant himself testified that the driver was employed by him as chauffeur "for himself and his family." The driver testified that early in the evening the defendant's daughter, who had a driver's license for about a year, was out with him, to "increase her confidence" as he expressed it. This testimony was corroborated by the defendant's daughter, who said that shortly after they went out it rained so hard that they went home and she dismissed the chauffeur and instructed him to put up the car in the garage. The driver also said it was raining hard on that evening and that he went to the garage, where he met two men, whom he did not know and who he said "resembled policemen," although they did not have on uniforms, who

requested him to take them to the Auditorium on North Main street. He said he complied with their request and that the plaintiff was struck when he was returning from this errand, at which time he claimed he was alone. He further stated that when the plaintiff was struck it was snowing, that there was slush and snow in the roadway and that his windshield wiper was going at the time.

As bearing upon the truth of his whole story, it was shown by Mr. Charles S. Wood of the U. S. Weather Bureau that the temperature on the evening in question was between 57° and 60°; that there was no snow or slush and that the precipitation was so slight that it was not measurable.

Upon cross-examination the driver testified that no woman, other than the defendant's daughter, Fannie Horowitz, was with him on the evening in question, although he claimed she was not with him at the time of the accident. Both the driver and Miss Horowitz admitted that she was in the defendant's automobile during the early part of the evening. Three witnesses for the plaintiff testified that a woman was in the defendant's car at the time the plaintiff was struck. The driver left the scene of the accident, so that the names of the occupant or occupants could not be taken. The driver later pleaded guilty in the Sixth District Court, to leaving the scene of an accident, in which the plaintiff in this case was injured.

The evidence clearly showing that the defendant's daughter was with the driver earlier in the evening, the driver having testified that no other woman was with him on the evening in question and three witnesses having testified that a woman was with the driver at the time of the accident, the Court is of the opinion that there was credible testimony from which the jury find that the driver was acting at the time as agent for the defendant and within the scope of his authority.

The damages awarded are not excessive in view of the nature and extent of the plaintiff's injuries. The verdict of the jury is sustained and the defendant's motion for a new trial is denied.

For plaintiff: Hogan & Hogan

For defendant: Hinckley, Allen, Tillinghast, Phillips & Wheeler.